UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEYAH'CE YOUNG
o/b/o DAISY WASHINGTON-GROSS,

      Plaintiff,

v.

APPLE, INC., and TIM COOK,

      Defendants.

Case No. 16-11296
Honorable Laurie J. Michelson

---

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO PROCEED [9, 11]

Litigation is not meant to be everlasting. Daisy Washington-Gross filed this lawsuit over nine years ago, on April 8, 2016. (ECF No. 1.) Her *pro se* complaint was sparse and sought two billion dollars in damages, alleging that the "Apple Watch" infringed on her "pending patent" for a "detachable beeper disc digital gym shoe computer wrist watch." (*Id.* at PageID.1.) Washington-Gross claimed to have been the "first to put the compatable [sic] watch in the Patent Office," but attached no patent application or other verifying documents to her complaint. (*Id.* at PageID.3–5.)

A few weeks later, on April 27, 2016, after granting Washington-Gross' application to proceed *in forma pauperis* (ECF No. 3), then presiding Judge Arthur J.

Tarnow screened her complaint pursuant to 28 U.S.C § 1915(e)(2)(B) and dismissed it as "clearly frivolous." (ECF No. 5, PageID.16.)[1]

Washington-Gross separately filed approximately 50 pages of "exhibits," most dated to 1995, which she presented as her initial patent application. (ECF No. 6.) And on June 6, 2016, she filed a motion requesting a "non-public docket" to keep the action "confidential" (ECF No. 7), which Judge Tarnow denied (ECF No. 8). The case was closed and over.

Fast-forward nine years. On September 10, 2025, Meyah'ce Young, Washington-Gross' daughter, filed a "motion to proceed," "asking that this case be re-opened and re-assigned due to the deaths of both judges that were on this case. Due to [her] mom passing in death." (ECF No. 9, PageID.74.) Young concurrently filed an application to proceed *in forma pauperis*. (ECF No. 10.) Two days later, she filed a "Corrected Motion to Proceed" (ECF No. 11), which is a re-submission of her initial motion plus three pages of "exhibits" that are allegedly part of the patent application Washington-Gross filed for a "Beeper Disc Digital Gym Shoe Watch" and a "Computer Wrist Watch" in 1996 (*id.* at Page ID.80–82).

For the reasons that follow, the Court DENIES Young's motions to reopen the case. (ECF Nos. 9 (motion to proceed), 11 (corrected motion to proceed).)

---

[1] Judge Tarnow granted Washington-Gross's motion to proceed *in forma pauperis*. (ECF No. 5, PageID.1.)

2

## I.

As an initial matter, even assuming Young asserted an appropriate procedural rule for reopening a case, she has made no effort to properly substitute herself as the plaintiff pursuant to Federal Rule of Civil Procedure 25(a). As another court in this Circuit has explained:

> Rule 25 provides a two step-process for substitution of parties upon death. *See Rivers v. Semmens*, No. 1:20-CV-2806, 2022 U.S. Dist. LEXIS 21789, 2022 WL 356558, at *2 (N.D. Ohio Feb. 7, 2022) (citing *Barlow v. Ground*[,] 39 F.3d 231, 233 (9th Cir. 1994)). "A party must (1) formally suggest the death of the party upon the record and (2) serve the nonparty representatives of the deceased party with the suggestion of death in the manner provided in Federal Rule of Civil Procedure 4 for the service of a summons." *Gruenberg v. Maricopa Cnty. Sheriff's Off.*, No. CV 06-0397, 2008 U.S. Dist. LEXIS 40342, 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008) (citing *Barlow*, 39 F.3d at 233). "Rule 25(a) also provides that if the motion for substitution is not made within 90 days after service of a statement noting the death, then the action by or against the decedent must be dismissed." *In re Aredia & Zometa Prod. Liab. Litig.*, No. 03-06-0745, 2015 U.S. Dist. LEXIS 40447, 2011 WL 3608636, at *1 (M.D. Tenn. Aug. 16, 2011) (citations omitted) (footnote omitted).

*Larue v. UCOR, LLC*, No. 24-64, 2025 U.S. Dist. LEXIS 22484, at *3 (E.D. Tenn. Feb. 7, 2025).

Young has filed no proper suggestion of death. *See Henderson v. Village of New Holland*, No. 23-3979, 2024 U.S. Dist. LEXIS 167326, at *1 (S.D. Ohio Sept. 17, 2024) (finding plaintiff's suggestion of death deficient where it "failed to identify the successor or representative of the deceased"), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 182744 (S.D. Ohio Oct. 7, 2024).

Even if the Court construed Young's present "motion to proceed" as a formal suggestion of her mother's death on the record, she has failed to identify if there are

any other nonparty representatives of Washington-Gross who must be served pursuant to Rule 25 and, if so, whether those non-parties have been served. *See, e.g., Hatfield v. City of Taylor*, 23-10453, 2025 U.S. Dist. LEXIS 139951, at *2 (E.D. Mich. July 22, 2025) ("[The party seeking substitution] must serve the decedent's successor [or representative] or, at a minimum, undertake a good faith effort to identify the appropriate representative." (second alteration in original)). Young's filings give the Court no assurance that, even as the daughter, she is the sole, or even rightful, successor to Washington-Gross' patent interests.

So this procedural deficiency does not favor re-opening the case.

## II.

Nor do the merits.

Although Young does not specify a ground for relief, the Federal Rules of Civil Procedure limit her to two possible routes: a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). *See Simmons v. City of Detroit*, No. 24-1962, 2025 U.S. App. LEXIS 13949, at *2–3 (6th Cir. June 5, 2025) (treating a dismissal pursuant to § 1915(e) as a "judgment" under Rule 60).

## A.

Because over 3,000 days have passed between the entry of the order in this case and Young's present motion, a motion under Rule 59(e) would clearly be untimely. *Compare* Fed. R. Civ. P. 59(e) (requiring Rule 59(e) motions to be filed "no later than 28 days after the entry of the judgment"), *with* Fed. R. Civ. P. 60(c)

(requiring Rule 60(b)(1)–(3) motions to be filed "no more than a year after the entry of the judgment" and Rule 60(b)(4)–(6) motions to be filed "within a reasonable time").

This Court understands that Young attributes her delayed response to her mother's death. (*See* ECF No. 9, PageID.74.) But district courts, like this one, lack the authority to extend the time period under Rule 59(e). *See Banister v. Davis*, 590 U.S. 504, 507–08 (2020) (citing Fed. R. Civ. P. 6(b)(2)); *see also Keith v. Bobby*, 618 F.3d 594, 598–99 (6th Cir. 2010) (finding that Rule 6(b)(2) prohibits equitable tolling of the filing deadline in Rule 59(e)). Moreover, the Sixth Circuit, and district courts herein, routinely enforce Rule 59(e)'s mandatory filing period, including against *pro se* litigants. *See, e.g.*, *Simmons*, 2025 U.S. App. LEXIS 13949, at *4 (affirming denial of *pro se* plaintiff's Rule 59(e) motion for untimeliness, even where plaintiff attributed that delay to her "unlawful incarceration"); *Ross v. Teleperformance USA Inc.*, No. 14-4134, 2015 WL 13933132, at *1 (6th Cir. Dec. 21, 2015) (affirming denial of Rule 59(e) motion as untimely where *pro se* plaintiff filed the motion four days late) Thus, the Court lacks the power to excuse Young's untimely motion under Federal Rule of Civil Procedure 59(e).

## B.

So that leaves Federal Rule of Civil Procedure 60(b). *See Simmons*, 2025 U.S. App. LEXIS 13949, at *2–3 (construing an untimely Rule 59(e) motion as a Rule 60(b) motion). That rule "provides a mechanism for seeking post-judgment relief— reopening of a case—for a limited set of circumstances." *Marcelli v. Walker*, 313 F. App'x 839, 841 (6th Cir. 2009). "The purpose of a Rule 60(b) motion . . . is to permit a

district court to reconsider its judgment when that judgment rests on a defective foundation." *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-01455, 2023 WL 10352931, at *1 (N.D. Ohio Oct. 18, 2023). As such, "[a] proper Rule 60(b) motion 'attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal [] proceedings.'" *U.S. ex rel. Oakes v. Cinnaire*, Nos. 20-1911, 20-1938, 2020 U.S. App. LEXIS 38037, at *3 (6th Cir. Dec. 4, 2020) (omission in original) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)); *see Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." (quoting *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000))); *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal.").

Six situations allow a federal court to modify or vacate a final judgment and reopen a case: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; (3) an opposing party's fraud, misrepresentation, or misconduct; (4) a void judgment; (5) satisfaction, release, or discharge of the judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Because Rule 60(b) is limited by "public policy favoring finality of judgments and termination of litigation," *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008), "[c]ourts generally interpret Rule 60(b) narrowly," *United States v. Rogers*, Nos. 08-

2, 18-889, 18-825, 2024 WL 2010935, at *5 (S.D. Ohio May 7, 2024). And the party seeking relief "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc.*, 538 F.3d at 454.

As mentioned, Young cannot raise a request for relief pursuant to Rule 60(b) subsections (1), (2), or (3), as more than a year has passed since the entry of the order dismissing the case. *See* Fed. R. Civ. P. 60(c)(1). Nor has she raised any circumstances that would bring her claim under Rule 60(b)(4) or (5). (*See* ECF Nos. 9, 11.) Thus, the Court construes Young's motion as seeking relief under Rule 60(b)(6)'s catch-all provision. *See* Fed. R. Civ. P. 60(b)(6).

Subsection (6) allows a federal court to relieve a party from a final judgment or order for "any other reason"—that is, any reason other than those listed in subsections (1)–(5)—"that justifies relief." *Id.*; *see McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002) (explaining that subsections (6) and (1) are "mutually exclusive, with relief available under subsection (b)(6) only in the event that none of the grounds set forth in clauses (b)(1) through (b)(5) are applicable").

"[B]ecause almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)," *McCurry*, 298 F.3d at 595, relief under subsection (6) is limited to "the most unusual and extreme situations," *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018), "where principles of equity *mandate* relief," *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741, 750 (6th Cir. 2013); *see Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) ("Courts, however, must apply subsection

(b)(6) only 'as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present.'" (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989))). And, even where "extraordinary circumstances" are present, a motion pursuant to 60(b)(6) must still be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Young has not furnished *any* reasons to reopen the case, let alone extraordinary ones. In the single sentence that comprises her motion, she merely asserts that her mother and the "judges"[2] assigned to the case are now deceased and thus the case should be reopened (*see* ECF No. 11, PageID.78), but the Court cannot see how those deaths warrant relief from a judgment that pre-dated them.

And, in any event, the motion is still untimely. "A five-year delay between judgment and the filing of a Rule 60(b)(6) motion generally does not satisfy the 'reasonable time' requirement of Rule 60(c)(1)." *Simmons*, 2025 U.S. App. LEXIS 13949, at *4 (citing *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 75–76 (6th Cir. 2012) (collecting cases)). Over nine years have passed since this case was dismissed and the instant motion was filed. (*Compare* ECF No. 5 (dismissal order dated April 27, 2016), *with* ECF No. 9 (Young's motion dated September 10, 2025).) Surely, nearly a decade of delay, without any justification, is beyond a "reasonable time" permitted under Rule 60(b)(6).

---

[2] While Young alleges that two judges have been assigned to the case and that both have died, Judge Tarnow was the only judge assigned prior to this Court.

8

## III.

For the above reasons, Young is not entitled to proceed with this case. Accordingly, the Court DENIES Young's motions (ECF No. 9, 11) and DENIES Young's application to proceed *in forma pauperis* as MOOT (ECF No. 10).

IT IS SO ORDERED.

Dated: October 7, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE